UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 06-40033 |
| KIM LEE MILLBROOK, | ) ) ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

Now before the Court is Defendant Kim Lee Millbrook's Motion to Reconsider the Court's denial of his Motion to Reduce Sentence Under Section 404(b) of the First Step Act. (ECF No. 175). For the reasons stated below, Defendant's Motion is GRANTED.

**Background**

Following a jury trial in 2007, Defendant was found guilty of possession of a firearm by a felon (Count 1); possession with intent to distribute at least 5 grams of crack cocaine (Count 2); witness tampering (Counts 3, 4, and 5); and witness retaliation (Count 6). The Government filed a notice to use Defendant's prior convictions to enhance his statutory mandatory minimum sentence on Count 2 pursuant to 21 U.S.C. § 851. (ECF No. 99 at ¶ 3). Under the law at the time, Defendant faced a mandatory minimum sentence of 120 months to life on Count 2. *Id*. at ¶ 117; 21 U.S.C. § 841(b)(1)(B).

During a sentencing hearing on August 13, 2007, this Court sentenced Defendant to 372 months of imprisonment for each of Counts 1 and 2, and 120 months for each of Counts 3, 4, 5, and 6, all to run concurrently to each other and concurrently with Counts 1 and 2. (Minute Entry dated 8/13/2007; ECF No. 101 at 3). Subsequently, the Court resentenced

Defendant to 120 months on Count 1 to run concurrently with the 372-month sentence on Count 2 and the 120-month sentences on Counts 3, 4, 5, and 6. (Minute Entry dated 8/3/2017; ECF No. 131). The Court reduced Defendant's term of supervised release on Count 1 to 3 years, but the 8-year term on Count 2 remained unchanged. *Id*.

On August 12, 2020, Defendant filed an Amended Motion to Reduce Sentence Under Section 404(b) of the First Step Act, asking the Court to reduce his term of imprisonment to 262 months, which represented the low end of the post-Fair Sentencing Act guideline range with qualifying prior convictions. (ECF No. 165).

On October 9, 2020, this Court denied the amended motion and left his 372-month sentence on Count 2 intact. (ECF No. 174). The Court acknowledged that Defendant was eligible for relief under the First Step Act, but found a reduced sentence was unwarranted under 18 U.S.C. § 3553 because he would pose a significant danger to the community if released based on the seriousness of his conduct and his extensive and violent 25-year criminal history. *Id*. at 5-6.

On October 15, 2020, Defendant filed a Motion to Reconsider, now arguing that the Court should reduce his 372-month term of imprisonment to 240 months because his prior convictions no longer can enhance his statutory mandatory minimum sentence. (ECF No. 175). On November 4, 2020, the Government filed its Response, arguing that Defendant's Motion should be denied because (1) it fails to meet the standard for a motion to reconsider; (2) nothing in the Motion affects the legal or factual soundness of the Court's denial of his amended motion or the finding that Defendant would be a danger to the community if released; and (3) Defendant's attempt to collaterally attack the § 851 enhancement

underlying his original sentence is not a proper claim under the First Step Act. (ECF No. 176 at 1-2). On November 5, 2020, Defendant filed a Reply. (ECF No. 178). This Order follows.

## Legal Standard

"No federal rule or statute allows a motion to reconsider in a criminal case, but reconsideration motions are accepted as a common-law practice." *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014). The Seventh Circuit has recognized that despite their omission from the Federal Rules of Criminal Procedure, "motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010).

A motion to reconsider serves a limited function, which is to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270. "To support a motion for reconsideration based on newly discovered evidence, the moving party must 'show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion].'" *Id.* at 1269-70 (quoting *Engelhard Indus., Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963)).

## Discussion

In his Motion to Reconsider, Defendant argues that the Court should reduce his term of imprisonment to 240 months because, based on *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), his prior Illinois drug convictions no longer enhance his sentence. (ECF No. 175

at 7). In *Ruth*, the Seventh Circuit held that because Illinois defines cocaine more broadly than the Controlled Substances Act, a conviction pursuant to 720 ILCS 570/401(c)(2) "is not a predicate felony drug offense that triggers 21 U.S.C. § 841(b)(1)(C)'s sentencing enhancement." *Ruth*, 966 F.3d at 645-50.

In this case, the Presentence Investigation Report (PSR) identified two prior Illinois convictions, which the Government relied upon when seeking an enhanced sentence under § 851. (ECF No. 99). The PSR clearly indicated that Illinois case number 92-CF-737 involved crack cocaine, but it did not identify the controlled substance involved in case number 94-CF-74. *Id*. at ¶¶ 51, 54. Defendant states that shortly after *Ruth* was decided, counsel made several attempts to obtain documentation from the Rock Island County Circuit Court showing that the 1994 case also involved cocaine. (ECF No. 175 at 3). When Defendant filed his amended motion, he had not yet received the information he needed from the circuit court. *Id*. at 3-4. On October 8, 2020, Defendant received a copy of the microfilm police report, which identified the controlled substance at issue in case number 94-CF-74 as cocaine. (ECF No. 175 at 4; ECF No. 175-1). The Court had no knowledge of this information when it denied Defendant's amended motion on October 9, 2020. (ECF No. 174). Now, Defendant claims he has sufficient information to demonstrate that his prior convictions were for Illinois cocaine offenses, and therefore, he is no longer subject to a statutory maximum of 30 years in prison. (ECF No. 175 at 4). In response, the Government argues that reconsideration of the Court's previous Order is unwarranted because Defendant could have finalized his investigation about the 1994 case before filing his amended motion. (ECF No. 176 at 1). The Government asserts that "[t]he defendant himself surely knows that

his 1994 delivery conviction involved selling crack cocaine: he was one who committed the offense." *Id*. at 4.

Based on new evidence confirming that his Illinois convictions involved cocaine, the Court finds that Defendant has demonstrated compelling reasons for reconsideration. The Government asserts that Defendant's collateral attack on his prior Illinois drug convictions and the § 851 notice is inappropriate in the First Step Act context. (ECF No. 176 at 9-13). But as Defendant notes in his Reply, the Seventh Circuit has expressly held that "[t]he First Step Act does not prevent the court from considering [the change in career offender status] when deciding whether the sentence imposed is 'sufficient but not greater than necessary,' under 18 U.S.C. § 3553(a)." *United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020). Furthermore, this Court applied *Ruth* to a First Step Act motion in *United States v. McCray*, No. 04-cr-20011 (C.D. Ill. Oct. 5, 2020), when it reduced Defendant's term of supervised release. *See also United States v. Dent*, No. 97-cr-30048, at *2-3 (C.D. Ill. Sept. 9, 2020).

Even with Defendant's career offender status, the law would only permit a statutory maximum sentence of 240 months on Count 2 if the Court sentenced Defendant today. Imposing a 372-month sentence, which is 132 months or 11 years above the statutory maximum, would create an unwarranted sentencing disparity among similarly situated defendants. *See* 18 U.SC. § 3553(a)(6). At the time his Motion to Reconsider was filed, Defendant had been in prison for approximately 177 months and has already served the 120-month sentences imposed on Counts 1, 3, 4, 5, and 6. Defendant acknowledges that his criminal history and post-sentence conduct warrant a serious sentence. (ECF No. 175 at 10). As a result, he asks for the most serious sentence the Court can impose. *Id.* The Court finds that the statutory maximum sentence of 240 months on Count 2 takes into account the nature

and circumstances of his offense, criminal history, and status as a career offender. Moreover, Defendant will be subject to close supervision while serving an 8-year term of supervised release on Count 2, which the Court finds is warranted based on his lengthy criminal history.

## Conclusion

Defendant's Motion to Reconsider [175] the denial of his Motion to Reduce Sentence Under Section 404(b) of the First Step Act is GRANTED. Defendant's term of imprisonment on Count 2 is reduced to 240 months. His term of supervised release remains unchanged. The Clerk is DIRECTED to enter an amended judgment.

ENTERED this 10th day of December, 2020.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge