E-FILED
Monday, 29 August, 2022  08:01:11 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 06-40033** |
| | ) | |
| **KIM LEE MILLBROOK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Kim L. Millbrook's ("Defendant")
Motion to Reduce Sentence – USSC Amendment. (D. 217). For reasons stated herein, the Motion
is DENIED.

## BACKGROUND

In March 2006 Defendant was indicted in this Court for felon in possession of a firearm in
violation of 18 U.S.C. §§ 922(g) and 924(a)(2) and possession with intent to distribute crack
cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (D. 1). In January 2007 a Superseding
Indictment was filed charging Defendant with felon in possession of a firearm in violation of 18
U.S.C. §§ 922(g) and 924(a)(2) ("Count I"), possession with intent to distribute crack cocaine in
violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) ("Count II"), witness tampering in violation of
18 U.S.C. §§ 1512(b)(1) and (2) ("Count III"), witness tampering in violation of 18 U.S.C. §§
1512(b)(1) and (2) ("Count IV"), witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and
(2) ("Count V"), and witness retaliation in violation of 18 U.S.C. § 1513(b)(2) ("Count VI").  (D.
39).

In March 2007 a jury found Defendant guilty on all six counts (D. 70), and on August 14, 2007, this Court sentenced Defendant to 372 months imprisonment on each of Counts I and II and 120 months on each of Counts III, IV, V, and VI, to run concurrently to each other and concurrently with Counts I and II, to be followed by five years of supervised release on Count I, eight years on Count II, and three years on Counts III, IV, V, and VI, all to run concurrently. (D. 101). Defendant appealed, and the Seventh Circuit affirmed his convictions and sentence. (D. 125; *see also United States v. Millbrook*, 553 F.3d 1057 (7th Cir. 2009) *overruled by United States v. Corner*, 598 F.3d 411 (7th Cir. 2010), insofar as the district court was entitled to disagree with career-offender guideline.).

In June 2009 Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under § 2255, alleging this Court lacked jurisdiction to convict him, which was denied. *Millbrook v. United States*, ILCD Case No. 09-4044. Defendant appealed, and the Seventh Circuit denied his request for certificate of appealability and dismissed the case.

Four years later, Defendant sought permission from the Seventh Circuit to file a successive § 2255 motion based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), arguing he no longer met the criteria for the armed career criminal enhancement on Count I or the career offender enhancement on Count II. (Seventh Cir. Case No. 16-2243). The Seventh Circuit granted Defendant's application in part, allowing Defendant to challenge his armed career criminal designation under 18 U.S.C. § 924(e), as the enhancement with respect to Count I. *Millbrook v. United States,* ILCD Case No. 16-4113 ("Second § 2255 Case"), (D. 1). The Seventh Circuit rejected Defendant's challenge to Count II, finding Defendant's prior convictions remained valid predicates for the career offender enhancement under U.S.S.G. § 4B1.2(b), a provision unaffected by *Johnson*. *Id.*

This Court, in turn, granted Defendant's second § 2255 motion as to Count I, finding Defendant was not an armed career criminal and resentenced Defendant to 120 months on the firearm-possession count ("Count I") and reduced Petitioner's term of supervised release on Count I to three years. (*See* Minute Entry dated 08/03/2017). Despite the Seventh Circuit denying authorization for the Petitioner to file a "second or successive" collateral attack regarding his career offender enhancement on Count II, Petitioner included this argument in his Second § 2255 Case, which this Court declined to consider. An Amended Judgment was entered on August 4, 2017. (D. 131). Defendant declined to file an appeal.

Starting in January 2019 Defendant filed numerous motions to reduce sentence under Section 404(b) of the First Step Act arguing that the statutory penalty for distributing crack cocaine under § 841(b)(1)(B) was modified by section 2 the Fair Sentencing Act. (D. 135, 137, 139, 155, 162, 163, 165, 167). On October 9, 2020, an Order was entered denying these motions. (D. 174). While Defendant was eligible for a reduced sentence under the First Step Act, this Court found doing so would not be in the interest of justice and that Defendant's sentence was appropriate due to his significant criminal history and conduct while incarcerated. *Id*.

On October 15, 2020, Defendant filed a motion for reconsideration of his First Step Act motions, arguing for the first time based on *United States v. Ruth,* 966 F.3d 642 (7th Cir. 2020). (D. 175). On December 10, 2020, the Court granted Defendant's motion to reconsider, and reduced Defendant's sentence on Count II to 240 months. *Id.* at p. 6. No appeal was filed.

While his First Step Act motions were pending, Defendant filed an application with the Seventh Circuit for an order authorizing leave to file a "second or successive" collateral attack under 28 U.S.C. §§ 2244(b) and 2255(h), challenging this Court's use of the career offender guideline at his resentencing. (D. 171). The Seventh Circuit dismissed Defendant's application as

unnecessary, as his most recent § 2255 motion led to resentencing and an Amended Judgment, and therefore, the proposed collateral attack on the new sentence was not successive. *Id.*

In July 2020 Defendant filed a third § 2255 Motion, again challenging this Court's use of the career offender enhancement on Count II. (D. 160). Specifically, Defendant argued that his conviction for domestic battery did not constitute a crime of violence under U.S.S.G. § 4B1.1(a)(3). *Id.* In support, he attached his Motion to Vacate, Set Aside, or Correct Sentence under § 2255 from his Second § 2255 Case, which made the same argument and that this Court declined to consider because the Seventh Circuit did not authorize such review. *Millbrook v. United States,* ILCD Case No. 16-4113, (D. 15). Defendant subsequently filed an amended third § 2255 motion, which added ineffective assistance of trial and appellate counsel claims. (D. 191). This Court denied that motion finding Defendant's claims were barred by the statute of limitations, and even if Defendant had timely filed his motion his challenge to his career offender status, were procedurally defaulted. (D. 215).

On May 31, 2022, Defendant filed this Motion to Reduce Sentence – USSC Amendment, in which he requests "a two-level reduction based on the crack amendments because [he] is no longer classified as a career offender guideline range for crack cocaine." (D. 217). On June 7, 2022, this Court granted the Federal Public Defender's Motion to Withdraw as Counsel, finding that the Federal Public Defender had adequately presented his position that Defendant's Motion to Reduce was without Merit. On June 21, 2022, the Government filed a Response in Opposition to Defendant's Motion to Reduce, concurring with the Federal Public Defendant's Motion to Withdraw that there are no available avenues for Defendant to seek further sentence reduction. (D. 220). This Order follows.

**DISCUSSION**

The majority of Defendant's post-trial motions, including this instant motion, challenge his career offender designation under the guidelines. Specifically, Defendant is seeking to be resentenced under the Drug Quantity Guidelines based on his belief that his prior convictions are not career offender predicate offenses. As discussed above, Defendant's arguments as to his career offender status are both untimely and procedurally defaulted. (*See.* D. 215, *Order Denying Defendant's § 2255 Petition*). Those issues will not be revisited.

Counsel correctly points out that Defendant previously received a substantial reduction under § 404(b) of the First Step Act, and to the extent this motion is seeking additional relief under that provision, Defendant is ineligible. To the extent Defendant is seeking relief under any amendment to the sentencing guidelines, he is ineligible due to his career offender status.

Section 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added). A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., career offender override] or statutory provisions [e.g., a statutory minimum term of imprisonment]." U.S.S.G. § 1B1.10; *see also* 18 U.S.C. § 3582(c)(2). In this case, Defendant was resentenced in December 2020 to 240 months on Count II under § 404(b) of the First Step. (D. 181). At the time of resentencing this was

5

the statutory maximum, which the Court found was appropriate due to the nature and circumstances of Defendant's offense, his criminal history, and *his status as a career offender*. *Id.* at pp. 5-6 (emphasis added).

To the extent Defendant is seeking compassionate relief under § 3582(c)(1)(A) Defendant must first exhaust administrative remedies with the Bureau of Prisons. The Federal Public Defender's Motion to Withdraw states there is no evidence Defendant has done so. (D. 219). Furthermore, the Seventh Circuit has made clear that subsequent changes to sentencing law alone is not an "extraordinary and compelling" reason for relief. *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021); *see also United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021). To allow otherwise would circumvent the principal path prescribed by Congress for federal prisoners to challenge their sentence, as set forth in 28 U.S.C. § 2255, *et seq.*

## CONCLUSION

Based on the foregoing, Defendant's Motion to Reduce Sentence – USSC Amendment [217] is DENIED.

ENTERED this 26th day of August, 2022.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge